30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Francisco ORTIZ, Defendant-Appellee.
 No. 93-5603.
 United States Court of Appeals, Fourth Circuit.
 Argued April 15, 1994.
Decided Aug. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-91-9).
 ARGUED: David J. Cortes, Asst. U.S. Atty., Raleigh, NC, for appellant.
 George Alan DuBois, Jr., Asst. Fed. Public Defender, Raleigh, NC, for appellee.
 ON BRIEF: James W. Dedrick, U.S. Atty., Raleigh, NC, for appellant.
 E.D.N.C.
 VACATED AND REMANDED.
 Before RUSSELL and MICHAEL, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In sentencing Francisco Ortiz for violating his supervised release because of marijuana use, the district court refused to apply 18 U.S.C. Sec. 3583(g). The government appeals; and, because we conclude that the district court erred, Ortiz's sentence is vacated, and the case is remanded for resentencing.
 
 
 2
 In the Eastern District of North Carolina on June 3, 1991, Ortiz pled guilty to (1) breaking and entering a motor vehicle and (2) larceny of property with a value of less than $100. On September 3, 1991, he was sentenced to four months imprisonment and a three-year term of supervised release. Ortiz began serving the supervised release term on January 10, 1992. He then moved from North Carolina to Florida.
 
 
 3
 On April 8, 1992, Ortiz provided a urine specimen to his Florida probation officer which tested positive for marijuana. On July 17, 1992, Ortiz's North Carolina probation officer filed a motion for revocation of supervised release based on the positive specimen and other violations. A warrant for Ortiz's arrest was issued the same day. On June 23, 1993, the probation officer filed an amended motion for revocation alleging Ortiz had engaged in "[n]ew criminal conduct," including an incident involving possession of cocaine in Florida. JA 20-23. One allegation in the amended motion detailed Ortiz's admission to a probation officer that he had used marijuana:
 
 
 4
 [Ortiz] explained that he had used marijuana while involved with a female he had known only a short time. At that time, he admitted to a need for drug counseling and expressed a willingness to participate in any program deemed appropriate.
 
 
 5
 JA 21.
 
 
 6
 Ortiz was eventually arrested and a revocation hearing was held on July 5, 1993, in North Carolina. At the hearing Ortiz admitted the allegations in the amended motion. Following this admission, the government argued that Ortiz should be sentenced under 18 U.S.C. Sec. 3583(g).* The hearing was continued to July 12, 1993, in order to determine whether Ortiz could be placed in a halfway house in Puerto Rico. When the hearing reconvened the court made an unqualified finding that Ortiz violated the conditions of his supervised release as alleged in the amended motion. In its judgment and commitment order, the district court stated:
 
 
 7
 From evidence presented, the court finds as a fact that Francisco Ortiz ... has violated the terms and conditions of the supervised release judgment originally imposed as follows:
 
 
 8
 ....
 
 
 9
 5. Positive urinalysis result for marijuana.
 
 
 10
 6. Failed to participate in substance abuse treatment....
 
 
 11
 JA 64-65.
 
 
 12
 In fixing Ortiz's prison term, the district court ignored Sec. 3583(g) and relied on Sec. 3583(e). The court revoked Ortiz's supervised release and ordered him to serve an eight-month term in a community corrections center. The government then filed this appeal asserting that Ortiz should have been sentenced to at least one year in prison under Sec. 3583(g).
 
 
 13
 Ortiz relies on the district court's failure to make an explicit finding of marijuana possession under Sec. 3583(g). It is clear, however, that the court found culpable use of marijuana based upon conclusive evidence. Ortiz told a probation officer that he had used marijuana. He then reaffirmed this candid acknowledgement by admitting the allegations in the amended motion, which included the substance of what Ortiz told the probation officer about his marijuana use with a new acquaintance.
 
 
 14
 Based on these unqualified admissions, the district court properly found that Ortiz "violated the terms and conditions of the supervised release judgment originally imposed" by submitting a positive urine specimen. JA 64-65 (emphasis added). This finding of a violation was necessarily based on a finding that Ortiz's use of marijuana was indeed culpable. Once the district court found culpable use, "possession under Sec. 3583(g) 'necessarily follow[ed],' " and the district court was required to apply the penalty provision in Sec. 3583(g). United States v. Clark, No. 93-5599, slip op. at 6 (4th Cir. July 20, 1994).
 
 
 15
 We therefore vacate Ortiz's sentence and remand this case for resentencing under 18 U.S.C. Sec. 3583(g).
 
 
 16
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 Section 3583(g) provides as follows:
 (g) Possession of controlled substances.--If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.